**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 16-cv-2870-WJM-MJW

LENWOOD ROBINSON, individually,

    Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, a political subdivision of the State of
Colorado,

    Defendant.

---

**ORDER ON DEFENDANT'S PARTIAL MOTION TO DISMISS**
**STATE LAW CLAIM UNDER FED. R. CIV. P. 12(b)(1)**

---

    Plaintiff Lenwood Robinson ("Robinson") brings this lawsuit against his former

employer Defendant Regional Transportation District, a political subdivision of the State

of Colorado ("RTD").  Robinson alleges that RTD discriminated against him on the basis

of race by disciplining him and not promoting him, and retaliated against him for

engaging in protected activities.  Robinson brings his claims under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), the Colorado Anti-

Discrimination Act, Colo. Rev. Stat. §§ 24-34-401 *et. seq*. ("CADA"), and 42 U.S.C.

§ 1981.  (ECF No. 5.)

    Currently pending before the Court is RTD's Partial Motion to Dismiss State Law

Claim Under Fed. R. Civ. P. 12(b)(1) ("Partial Motion to Dismiss").  (ECF No. 69.)  RTD

argues that the Court lacks jurisdiction over CADA state claims arising out of

Robinson's charge of employment discrimination filed August 3, 2015 with the Colorado

Civil Rights Division ("CCRD") and Equal Employment Opportunity Commission

("EEOC"). For the reasons explained below, this Court agrees and grants the Partial

Motion to Dismiss. Robinson's other claims under state and federal law remain pending

before this Court.

## I. LEGAL STANDARD

To adjudicate a dispute, the Court must have jurisdiction over the subject matter;

absent subject matter jurisdiction, a court must dismiss the action. Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the

court must dismiss the action."). Motions to dismiss for lack of subject matter

jurisdiction under Rule 12(b)(1) generally take one of two forms: a facial or factual

attack. A facial attack questions the sufficiency of the complaint as to its subject matter

jurisdiction allegations. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In

reviewing a facial attack, the court accepts all well-pled allegations as true. *Id*. A

factual attack, on the other hand, goes beyond the allegations in the complaint and

challenges the facts on which subject matter jurisdiction is based. *Id*. at 1003. A

factual attack does not permit the court to presume that the complaint's factual

allegations are true, although the court does have "wide discretion to allow affidavits,

other documents, and a limited evidentiary hearing to resolve disputed jurisdictional

facts under Rule 12(b)(1)." *Id*. In such circumstances, the court's reference to

evidence beyond the pleadings will not convert the motion to one under Rules 12(b)(6)

or 56, unless the jurisdictional question is intertwined with the merits of the case. *Id*.

"The jurisdictional question is intertwined with the merits of the case if subject matter

jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.*

## II. BACKGROUND

On August 3, 2015, Robinson filed a charge of employment discrimination against his then-employer RTD with CCRD and EEOC, which was docketed as CCRD Charge No. D20160009 and EEOC Charge No. 541-2015-01743, respectively ("First Charge").[1]  (ECF No. 5 ¶ 5.)  On May 10, 2016, CCRD issued its findings of "no probable cause" on the First Charge.  *Id.* ¶ 7.

Although not alleged in the Complaint, Robinson appealed CCRD's finding of no probable cause to the Colorado Civil Rights Commission ("the Commission").  (ECF Nos. 69 ¶ 5; 69-1 at 2.)  On June 27, 2016, CCRD issued a letter to Robinson informing him that the Commission affirmed CCRD's finding of no probable cause.  (ECF No. 69-1 at 2.)  The letter notified Robinson that, if his matter was also filed with EEOC, he could request a substantial weight review.  *Id.*  In addition, the letter advised Robinson that, if he wanted to file a civil action based on the charges reviewed by the Commission, he would need to file the action within ninety days or his action would be barred.  *Id.*[2]  Ninety days from the date of CCRD's letter was Sunday, September 25,

---

[1] Robinson filed a second charge with the CCRD and EEOC in March 2016 alleging that RTD's January–March 2016 discipline and his subsequent termination were retaliatory.  (ECF No. 5 ¶ 6.)  For clarity, the Court will refer to the August 2015 charge as the "First Charge" and the March 2016 charge as the "Second Charge."  RTD's Partial Motion to Dismiss does not address the allegations stemming from the Second Charge and the Court's order today does not impact Robinson's CADA claims arising under the Second Charge.

[2] Though not a model of clarity, the letter informed Robinson of the required filing deadline for state claims.  "If you wish to file a civil action in the district court in this state, which action is based on the alleged discriminatory or unfair practice that was the subject of the charge filed with the Commission, you will need to file within 90 days . . . [or] such action will be

2016, and the next business day on which Robinson could file his lawsuit was Monday, September 26, 2016.

Separately, after the initial May 2016 CCRD finding on the First Charge, Robinson filed a timely request with EEOC for a substantial weight review.  (ECF No. 5 ¶ 8.)  In August 2016, EEOC completed its substantial weight review and, on August 17, 2016, sent Robinson a letter and official notice explaining that EEOC adopted the findings of the state agency.  (ECF No. 5 ¶ 9 & Ex. 1.)[3]  The notice informed Robinson of his right to file a civil action on his federal claims within ninety days of receipt of the notice.  (ECF No. 5 at Ex. 1.)  Specifically, the enclosed "Dismissal and Notice of Rights" stated that Robinson could "file a lawsuit against [RTD] **under federal law** . . . within 90 days."  (ECF No. 5 at Ex. 1 (emphasis added).)  The accompanying letter stated that there was no evidence to "substantiate a violation of the **statutes enforced by the EEOC**" and no indication that further investigation would "disclose a violation of the **statutes enforced by the EEOC**."  (ECF No. 73-2 at 2 (emphasis added).)  Also enclosed with the notice and letter was a document titled "Information Related to Filing Suit Under the Laws Enforced by the EEOC."  (ECF No. 73-3 at 2.)  That document contained the following statement about federal and state law:

> This information relates to filing a suit in Federal or State court under Federal law.  If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited

barred."  (ECF No. 69-1 at 2.)

[3] Robinson attached the notice to his Complaint.  (ECF No. 5.)  He attached the notice, accompanying letter, and information sheet to his response to the Partial Motion to Dismiss. (ECF No. 73.)

than those described below.

(ECF No. 73-3 at 2 (emphasis in original).)  Ninety days from the date of the EEOC letter was November 15, 2016.

Robinson filed his Complaint alleging violations of state and federal law in state court on November 10, 2016, and RTD removed the action to this Court on November 23, 2016.  (ECF Nos. 1 & 5.)

### III. ANALYSIS

**A.    Converting the Motion**

The Court must first determine whether it must construe RTD's Partial Motion to Dismiss as a motion for relief under Rule 12(b)(6) or Rule 56.  RTD's Partial Motion to Dismiss is properly characterized as a factual attack because both parties have attached materials beyond the pleadings that do not bear on the sufficiency of the Complaint to state a claim for relief.  (*See* ECF Nos. 69; 73.)  These extraneous materials are, rather, offered to support the parties' respective positions as to the facts on which subject matter jurisdiction depends.  (*See id*.)

The Court must separately consider whether the aspects of RTD's jurisdiction challenge are intertwined with the merits of this matter.  *See Holt v. United States*, 46 F.3d at 1002.  Generally speaking, a motion should be converted "if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case."  *Id.* at 1003.  CADA requires claims be timely filed for a court to have jurisdiction and would provide Robinson with the substantive relief he seeks.  But "the focus of the inquiry is not merely on whether the merits and the jurisdictional issue arise

under the same statute. Rather, the underlying issue is whether the resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (quoting *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000)); *Maes v. Leprino Foods Co., Inc.*, 2015 WL 4652779 (D. Colo. Aug. 6, 2015) (Martinez, J.).

RTD argues that Robinson failed to file his lawsuit on the CADA claims in the First Charge within the statutory period of ninety days. Determining whether Robinson timely filed his Complaint with respect to the CADA claims in the First Charge will not require the Court to resolve the substantive aspects of his claim under CADA. Thus, the Court will consider RTD's procedural challenge to Robinson's CADA claims arising from the First Charge under Rule 12(b)(1).

**B.    Timeliness of CADA Claims**

The Colorado Revised Statutes require that a civil action alleging discriminatory or unfair practices be filed within ninety days of either (a) CCRD's notice of no probable cause; or (b) if an appeal is filed, after the Commission's notice dismissing the appeal. Colo. Rev. Stat. § 24-34-306(2)(b)(I)(B). At that point, a plaintiff has exhausted administrative review under CADA, CCRD jurisdiction ceases, and the matter is ripe for litigation. *Bankston v. Antlers Hilton Hotel*, 2011 WL 6153024, at *4 (D. Colo. Nov. 3, 2011); *see also Jackson v. City and Cnty. of Denver*, 2012 WL 4355556, at *2 (D. Colo. Sept. 24, 2012) ("Under CADA, a plaintiff exhausts administrative remedies when he obtains a notice of right to sue from the CCRD."). If a party fails to file suit within ninety days, the claim is "barred, and no district court shall have jurisdiction to hear the action."

Colo. Rev. Stat. § 24-34-306(2)(b)(I)(C).  The absolute bar to filing after ninety days

applies equally in state and federal court.  *Fleites v. Pueblo Med. Investors, LLC*, 2008

WL 4371924, at *3 (D. Colo. Sept. 22, 2008) (applying CADA's ninety-day rule for

bringing state claims).[4]

Only CCRD's notice letter is relevant to trigger the ninety-day filing period for

state claims; "[t]he Notice of Right to Sue from the EEOC is irrelevant in this analysis

because it only goes to federal claims."  *Bankston*, 2011 WL 6153024, at *4 n.2.  In

*Bankston*, the court held that, even though the plaintiff filed his complaint sixty-six days

after the notice from EEOC, the plaintiff's CADA claim was barred because plaintiff filed

his complaint over 550 days after CCRD's jurisdiction ceased.  *Id.* at *4.  EEOC's letter

had no impact on the plaintiff's CADA claims.  *Id.* at *4 n.2.

Here, CCRD sent a notice of no probable cause and Robinson timely appealed.

Thereafter, the Commission affirmed the CCRD decision and sent a letter on June 27,

2016, which included a notice that any lawsuit concerning the claims considered by

CCRD—that is, Robinson's state claims on the First Charge—must be filed within

ninety days.  (ECF No. 69-1.)  Ninety days from the date of the notice was September

26, 2019.  Robinson did not file his civil action until November 15, 2016, fifty days after

the September deadline.  (ECF No. 5.)

---

[4] *Fleites* was decided on a subsection of CADA analogous to the one at issue here.  In *Fleites*, the court applied Colorado Revised Statute § 24-34-306(11), which grants a party ninety days to sue under CADA after a finding of probable cause and issuance of a notice letter.  The statute at issue here, Colorado Revised Statute § 24-34-306(2)(b)(I)(B), grants a party ninety days to sue under CADA after a finding of no probable cause and issuance of a notice letter.  The Court sees no reason to distinguish between the subsections of the statute at this juncture.

Robinson argues that the administrative review of his CADA and EEOC claims were combined when he requested that EEOC conduct a substantial weight review of the CADA charge with the EEOC charge.  (ECF No. 73 at 2.)  Robinson does not cite any legal authority for combining the state and federal claims.  His only justification is the August 17, 2016 notice of right to sue letter from EEOC and attachments.  (*Id*. at 3–4.)  However, that notice letter specifically states that the EEOC information relates only to "filing suit in Federal or State court **under Federal law**."  (ECF No. 73-3 at 2 (emphasis added).)  Further, it explains that "time limits and other provisions of State law may be shorter or more limited than those described below."  (ECF No. 73-3 at 2.)

Moreover, Robinson is incorrect as a matter of law.  As Judge Robert E. Blackburn explained in *Fleites*, CCRD and EEOC operate under a work-sharing agreement, but there is no indication that the agreement impacts the ninety-day filing period.  2008 WL 4371924, at *2; *see also Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 814 (10th Cir. 2010) ("It is implausible that the worksharing agreement would be so careful to make the CCRD's resolution of charges advisory, yet allow the CCRD to bind discrimination complainants through the issuance of a right-to-sue notice.").  The EEOC notice letter related only to the federal claims under federal statutes, not Robinson's state claims.

Colorado law is clear that CADA claims are barred and a district court lacks jurisdiction if a lawsuit is not brought within ninety days.  Colo. Rev. Stat. § 24-34-306(2)(b)(I)(C).  Absent any indication that EEOC's notice extended the filing period for the CADA claims in Robinson's First Charge, Robinson was required to file his state law

8

claims on the First Charge within ninety days of CCRD's July 27, 2016 notice letter. Robinson did not timely file his lawsuit stemming from state claims on the First Charge. The Court will therefore dismiss without prejudice the CADA claims arising under the First Charge.[5]

## IV. CONCLUSION

For the reasons set forth above, Defendant's Partial Motion to Dismiss State Law Claim Under Fed. R. Civ. P. 12(b)(1) is GRANTED.

Dated this 29th day of May, 2018.

BY THE COURT:

William J. Martinez
United States District Judge

---

[5] This Order does not impact Robinson's state law claims for retaliation arising under the Second charge or any of Robinson's federal claims on the First or Second Charges.